| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:21-cr-00288 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ERIK CHARLES MAUND ) | |
| ADAM CAREY ) | |

### MEMORANDUM AND ORDER

Pending before the Court are motions to sever filed by Defendants Erik Charles Maund and Adam Carey. (Doc. Nos. 137, 139). The Government filed responses in opposition (Doc. Nos. 149, 150), and Mr. Carey filed a reply (Doc. No. 156). The Court does not find a hearing is necessary.[1] For the reasons discussed below, the motions are **DENIED**.

### I. THE INDICTMENT

In the Superseding Indictment, the Government charged Mr. Maund, Mr. Carey, and their co-defendants, Gilad Peled and Bryon Brockway, with three counts. (Doc. No. 127). Count One charges murder-for-hire conspiracy, in violation of 18 U.S.C. § 1958. Count Two charges conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a) and (c). Count Three charges kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a) and (c).

### II. LEGAL STANDARD

Mr. Maund and Mr. Carey separately move for severance under Federal Rule of Criminal Procedure 14(a), which provides that: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief

---

[1] The Government submits a hearing is not necessary; Mr. Carey and Mr. Maund do not argue otherwise. (*See* Doc. No. 149 at 1; Doc. No. 150 at 1; Doc. No. 139; Doc. No. 156 at 2 n.1).

that justice requires." [2] The Supreme Court has explained that there is a preference for joint trials for defendants who are jointly charged in the same proceeding. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Cordero*, 973 F.3d 603, 624 (6th Cir. 2020) ("Joint trials are favored[.]") (citation omitted); *U.S. v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) ("It's not just more efficient to have one trial and one set of evidentiary admissions for all defendants at once, but a joint trial also decreases the risk of inconsistent verdicts.") (internal citations omitted). As such, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "The risk of prejudice will vary with the facts in each case," and "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. Motions for severance under Rule 14 fall under the "sound discretion" of the district court. *Id*. at 541.

### III. ANALYSIS

Mr. Carey argues severance is appropriate because of: (1) violations of *Bruton v. United States*, 391 U.S. 123 (1968); (2) the possibility of mutually antagonistic defenses; and (3) the difficulty jurors will have in remembering which facts apply to which defendant throughout the course of a lengthy trial, particularly because defendants are linked by shared characteristics, such as race and background. (Doc. No. 137 at 3). Mr. Maund argues a joint trial will expose him to mutually antagonistic defenses and spillover evidence. (Doc. No. 139 at 4-14).

**A. *Bruton* and the Sixth Amendment Confrontation Clause**

"In *Bruton*, the Supreme Court held that the Confrontation Clause is violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant, even if

---

[2] Neither Mr. Carey nor Mr. Maund argue misjoinder under Rule 8(b).

the court gives a limiting instruction that the jury may consider the statement only against the co-defendant." *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014). Mr. Carey argues trying all four co-defendants together would violate *Bruton* because each of his co-defendants have given statements to the government, or a government informant, accusing him of committing some of the crimes alleged in the superseding indictment. (Doc. No. 137 ¶ 7; Doc. No. 156 ¶¶ 1, 9). Mr. Maund also raises concerns about *Bruton* violations. (Doc. No. 139 at 7-8).

In response, the Government states that it intends to request an appropriate limiting instruction. Additionally, the Government states that to the extent it "intends to offer at trial (1) a testimonial statement (2) of a non-testifying co-defendant, (3) that facially incriminates a particular defendant (or particular defendants), [it] will comply with *Bruton* by making redactions to these statements as appropriate." (Doc. No. 149 at 5; Doc. No. 150 at 7).

The Sixth Circuit has "confirmed that redacting a defendant's name and substituting a neutral term in its place avoids any Sixth Amendment or *Bruton* violation when there are multiple individuals involved in a crime and the substitution does not necessarily implicate a specific defendant." *United States v. Sherrill*, 972 F.3d 752, 763–64 (6th Cir. 2020) (citing *United States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007) (discussing a statement in which "the person" or "another person" had been substituted for the defendants' names)). Given the Government's assurances concerning the statements that are the subject of Defendants' *Bruton* arguments, the Court does not find that *Bruton* supports severance. Prior to any use of statements at trial that implicate *Bruton*, the Government shall share its redactions with Defendants and present the redacted statements to the Court so that the Court can rule on the admissibility.

3

## B. Antagonistic Defenses

Mr. Carey contends that the defenses asserted by some co-defendants will be mutually antagonistic, given the co-defendants' statements to the government. (Doc. No. 137 ¶¶ 9-12; Doc. No. 156 ¶¶ 2, 7-8). Mr. Maund asserts the co-defendants will blame one another. (*See* Doc. No. 139 at 6-7 ("Peled, Brockway and Carey will blame Maund….Maund will blame Peled, Brockway and Carey… Maund and Peled will blame Brockway and Carey… Maund will blame Peled…Peled will blame Maund")).

"Antagonistic defenses arise when one person's claim of innocence is predicated solely on the guilt of a co-defendant." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir.1993). "[I]n order to prevail on a motion to sever, a defendant mush show that the antagonism will mislead or confuse the jury." *United States v. Darden*, 346 F. Supp. 3d 1096, 1128 (M.D. Tenn. 2018) (quoting *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993)). "Mutually antagonistic defenses are not prejudicial *per se*[.]" *Zafiro*, 506 U.S. at 538. "Hostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that defendants be tried separately." *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014) (citation omitted); *United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988) ("The mere fact that each defendant 'points the finger' at another is insufficient[.]). "In sum, 'to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever.'" *Darden*, 346 F. Supp. 3d at 1128 (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Neither Mr. Carey nor Mr. Maund have carried that burden.

## C. Juror Confusion and Spillover Evidence

Mr. Carey argues jurors would have difficulty remembering which facts apply to which four of the co-defendants throughout the course of a complex and lengthy trial, which will in turn

4

lead to prejudicial lumping and spillover. (Doc. No. 137 ¶ 13; Doc. No. 156 ¶ 3). He submits the foregoing "is made more troubling by the disparity in evidence against the co-defendants." (Doc. No. 137 ¶ 14). However, joint trials of multiple defendants are favored, and the spillover of evidence from one case to another does not require severance as juries are presumed to be capable of sorting out the evidence and considering the case of each defendant separately. *See United States v. Cordero*, 973 F.3d 603 (6th Cir. 2020); *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987) (same). Moreover, "[a] defendant is not entitled to severance because the proof is greater against a co-defendant." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

Similarly, Mr. Maund argues a joint trial will expose him to hearsay statements that would not be admissible against him if he was tried separately. (Doc. No. 139 at 7-13). This alone is not a reason for severance. *See United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) ("Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others."); *Warner*, 971 F.2d at 1196 ("A showing that a defendant would have a better chance of acquittal in a separate trial does not establish prejudice requiring severance."). Mr. Maund also argues the superseding indictment "indicates a variance" between what he allegedly hired his co-defendants to do and what they allegedly did. (Doc. No. 139 at 6). A variance is a difference between the charges in the indictment and the proof offered during trial. *See United States v. Bailey*, 973 F.3d 548, 569 (6th Cir. 2020). As no trial has occurred on the charges against Mr. Maund, the Court cannot determine whether he faces a prejudicial variance at this stage in the proceedings. Such a determination is better left until the Government has presented its evidence at trial, should Mr. Maund choose to renew his argument at that time.

5

Case 3:21-cr-00288   Document 176   Filed 09/07/22   Page 5 of 6 PageID #: 808

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Carey and Mr. Maund have not demonstrated compelling or substantial prejudice will result from a joint trial that cannot be cured with appropriate limiting instructions. *See Zafiro*, 506 U.S. at 539; *Darden*, 346 F. Supp. 3d at 1125 ("The general problems inherent in joint trial identified by Defendants are legitimate, but they do not mandate severance."). The motions to sever (Doc. Nos. 137, 139) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE