IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:21-CR-00288 |
| | ) | |
| ERIK MAUND, et al. | ) | JUDGE CAMPBELL |
| | ) | |

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

The United States of America, by and through Henry C. Leventis, United States Attorney,

Robert E. McGuire and Brooke C. Farzad, Assistant United States Attorneys, pursuant to Rule

16(a)(1)(G) of the Federal Rules of Criminal Procedure, hereby files this notice of intent to offer

evidence that may be construed as expert testimony pursuant to Rules 702 and 703 of the Federal

Rules of Evidence in the above-referenced case.[1]

The government intends to call the following individuals as expert witnesses to testify in

their respective areas of expertise. A brief summary of the names, positions, and general nature of

the expert's anticipated testimony is provided below. Copies of their CVs are attached hereto as

Exhibits 1-7. In compliance with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the

government is in the process of obtaining signed Expert Disclosure Statements for each expert

setting forth: (1) a statement of all opinions that the government will elicit from the witness in the

government's case-in-chief, or during the rebuttal to counter testimony that the Defendant has

---

[1] According to the Scheduling Order in this case (Doc. No. 260), Expert Disclosures were to be filed on August 29, 2023; which was the same date to file Motions in Limine in this case. The government filed its Motions in Limine on August 29, 2023, but inadvertently failed to file its Expert Disclosure. The United States respectfully requests that the Court accept this late filing. Additionally, to the extent that the government learns of additional witnesses, or determines that it may call certain additional witnesses as experts who have not been identified below, the United States seeks leave to supplement or amend this Notice within a reasonable period of time after learning of additional witnesses and/or making that determination.

timely disclosed under Rule (b)(1)(C); (2) the bases and reasons for each opinion; (3) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (4) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. The government will supplement this filing with the signed Expert Disclosure Statements for each of the expert witnesses set forth below as soon as the Statements are received.

1.  **Randy S. Tashjian, M.D.**

Randy S. Tashjian, M.D. was employed as an Assistant Medical Examiner with the Davidson County Office of the Medical Examiner: Forensic Medical Management Services, in Nashville, Tennessee from August 2016 through July 2020. Dr. Tashjian is now employed at the Washtenaw County Medical Examiners' Office in Ann Arbor, Michigan as an Assistant Medical Examiner and Forensic Pathologist. Dr. Tashjian completed autopsies of H.W. (Medical Examiner case number MEC20-0837) and W.L. (Medical Examiner case number MEC20-836) on or about March 16, 2020. Dr. Tashjian will testify about the autopsies that he conducted in this case. The autopsy reports authored by Dr. Tashjian have been provided to defendants during discovery. A copy of Dr. Tashjian's CV is attached hereto as Exhibit 1. Additionally, in compliance with Rule 16(a)(1)(G), the United States will supplement this filing with Dr. Tashjian's signed Expert Disclosure Statement, which summarizes his opinions, bases and reasons, qualifications, publications, and prior testimony.

2.  **Carla Rexing**

Carla Rexing is a Cellular Analysis Survey Team (CAST) Special Agent (SA) with the Federal Bureau of Investigation (FBI). CAST specializes in historical cell phone analysis during the course of federal, state, and local investigations. SA Rexing will testify regarding her historical

cell site and location data analysis of records and data that she analyzed in this case. A copy of SA Rexing's Cell Site Analysis Report was provided to defendants during discovery. SA Rexing will also explain how cellular technology works, including how cell site towers operate and how cellular phones connect with cell site towers. SA Rexing will discuss how data concerning cellular phone usage is reflected in call detail records retained by service providers. A copy of SA Rexing's CV is attached hereto as Exhibit 2. Additionally, in compliance with Rule 16(a)(1)(G), the United States will supplement this filing with SA Rexing's signed Expert Disclosure Statement, which summarizes her opinions, testimony, bases and reasons, qualifications, publications, and prior testimony.

3. **Rhonda Evans**

Rhonda Evans is employed in the MNPD Crime Laboratory as a Forensic Scientist/Firearms and Toolmark Examiner in the Firearm and Toolmark Identification Unit. In this particular case, Ms. Evans conducted a comparative analysis of fired cartridge casings recovered from the vehicle containing the bodies of H.W. and W.L,. and from the parking lot in front of 1406 Hillmeade Drive. Ms. Evans also conducted a comparative analysis of bullets and bullet fragments recovered from the bodies of H.W. and W.L., and from the vehicle containing the bodies. Ms. Evans summarized her findings in official firearms reports, which were previously provided to the defendants during discovery. A copy of Ms. Evans's CV is attached hereto as Exhibit 3. Additionally, in compliance with Rule 16(a)(1)(G), the United States will supplement this filing with Ms. Evans's signed Expert Disclosure Statement, which summarizes her opinions, bases and reasons, qualifications, publications, and prior testimony.

4. **Michael Van Arsdale**

Michael Van Arsdale is employed as a Supervisory Physical Scientist Forensic Examiner in the FBI Laboratory Firearms/Toolmarks Unit. In this particular case, Mr. Van Arsdale conducted a comparative analysis of fired cartridge casings recovered from the vehicle containing the bodies of H.W. and W.L. and from the parking lot in front of 1406 Hillmeade Drive; bullets and bullet fragments recovered from the bodies of H.W. and W.L.; and .22 Long/Long Rifle caliber ammunition and cartridges bearing the headstamp of CCI, which were recovered from 771 Luther Banks Road. Additionally, Mr. Van Arsdale conducted NIBN analyses on several firearms seized from the storage shed located at 550 Huffmantown Road. A copy of Mr. Van Arsdale's CV is attached hereto as Exhibit 4. Additionally, in compliance with Rule 16(a)(1)(G), the United States will supplement this filing with Mr. Van Arsdale's signed Expert Disclosure Statement, which summarizes his opinions, bases and reasons, qualifications, publications, and prior testimony.

5. **Matthew R. Billings**

Matthew R. Billings is a Special Agent/Digital Forensic Examiner Trainee with the FBI Nashville Resident Agency Computer Analysis and Response Team (CART) laboratory. SA Billings will be called to testify about his extraction, examination and analysis of data obtained from several electronic devices that were seized during the execution of search warrants in this case. Reports summarizing the devices examined by SA Billings have been provided to defendants during discovery. A copy of SA Billing's CV is attached hereto as Exhibit 5. It is expected that SA Billings' testimony will be more akin to that of a fact witness in that he will explain how he used software and technology to extract evidence from the devices, which typically does not qualify as expert testimony subject to Rule 702 of the Federal Rules of Evidence. Nonetheless, out of an abundance of caution, the United States will supplement this filing with SA Billings' signed

Expert Disclosure Statement, which summarizes his opinions, bases and reasons, qualifications, publications, and prior testimony.

### 6. **Johnathon Hoyt**

Johnathon Hoyt is a CAST Certified Special Agent with the FBI, who is and assigned to the Cellular Analysis and Multimedia Exploitation Operations (CAMEO) Team. The CAMEO team assists investigators with collection of digital media; audio/video analysis and enhancement; cellular analysis; vehicle telematics; and computer and cell phone imaging. SA Hoyt utilized technology to clarify two video clips that were provided to him in this case, to determine whether the vehicle in the clips was consistent with still images of a known vehicle. SA Hoyt generated a software report memorializing the steps taken to for each file created, and also created a PowerPoint showing the comparisons between the known photographs and still photographs taken from the video clips. These materials were provided to the defendants during discovery. A copy of SA Hoyt's CV is attached hereto as Exhibit 6. Moreover, it is expected that SA Hoyt's testimony will be more akin to that of a fact witness in that he will explain how he used software and technology to clarify the video clips and create still images from those clips, which typically does not qualify as expert testimony subject to Rule 702 of the Federal Rules of Evidence. Nonetheless, out of an abundance of caution, the United States will supplement this filing with SA Hoyt's signed Expert Disclosure Statement, which summarizes his opinions, bases and reasons, qualifications, publications, and prior testimony.

### 7. **Austin Wheeler**

Austin Wheeler is a Special Agent with the FBI, prior to becoming an Agent, SA Wheeler worked as a forensic accountant for the FBI. SA Wheeler has examined financial records in this case; which were already provided to the defendants during discovery. At this point, SA Wheeler

has not prepared any official report regarding his analysis of the records; however, should he issue

such a report, the United States will promptly produce the report to the defendants. A copy of SA

Wheeler's CV is attached hereto as Exhibit 7. It is expected that SA Wheeler's testimony will be

more akin to that of a fact witness in that he will testify about certain financial transactions and

evidence derived from financial accounts, as opposed to offering an expert opinion about this

evidence. Nonetheless, out of an abundance of caution, the United States will supplement this

filing with SA Wheeler's signed Expert Disclosure Statement, which summarizes his opinions,

bases and reasons, qualifications, publications, and prior testimony.

Respectfully submitted,

HENRY C. LEVENTIS
UNITED STATES ATTORNEY


 *s /Brooke C. Farzad*
BROOKE C. FARZAD
ROBERT E. McGUIRE
Assistant U.S. Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsels for defendants, via the Court's Electronic Case Filing System, on August 31, 2023.

*s/Brooke C. Farzad*
BROOKE C. FARZAD
Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151
